MR. JUSTICE CASTLES
(dissenting):
I dissent. The language of section 41-1302, R.C.M.1947, is clear that the authority and discretion of the Labor Standards Division is such that no one can demand a formal hearing. The duty of the commissioner is to “inquire diligently”. That is all.
For analogous wording in a statute, section 16-3101, R.C.M. 1947, requires a county attorney to “diligently prosecute”. Yet, we all recognize that those words mean that he shall exercise his discretion. Here, we have the words “inquire diligently”. Obviously, it seems to me, an investigation and inspection would suffice.
Moreover, the remedy at law for enforcement of labor claims and wage collection under section 93-9103, R.C.M.1947, is adequate, and thus mandamus would not be proper. Perhaps a writ of certiorari, but certainly not a writ of mandamus. State ex rel. Thompson v. Babcock, 147 Mont. 46, 409 P.2d 808.
Section 41-1314.2, R.C.M.1947, authorizes, in effect, a power of attorney to the commissioner of labor. This alone dictates that the actions of the commissioner are discretional.
Also, the discussion of the effect of the Montana Administrative Procedure Act on the meaning of statutes previously enacted is retroactive reasoning. I do not agree.
I would reverse the district court and deny the petition for a writ of mandamus.